

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable I. Fredecki
County Auditor
Galveston County
Galveston, Texas

Dear Sir:

Opinion No. O-1193
Re: May Galveston County, Texas, pay the pre-
mium on the official bond of the county
treasurer?

Your request for opinion upon the above stated
question has been received by this department.

We understand that Galveston County, Texas, has
a population of more than 20,000 inhabitants and less
than 190,000 inhabitants, according to the last Federal
Census, and that the county officers are compensated on
a salary basis.

Article 3883, Revised Civil Statutes of Texas,
in part, reads as follows:

"Maximum fees. - Except as otherwise pro-
vided in this Act, the annual fees that may be
retained by precinct, county and district offi-
cers mentioned in this article shall be as fol-
lows: . . ." (The officers mentioned in this
article are as follows: County Judge, District
or Criminal District Attorneys, Sheriffs, County
Clerks, County Attorneys, District Clerk, Tax
Collector, Tax Assessor, Assessor and Collector
of Taxes, Justice of the Peace and Constable.)

Article 3891, Revised Civil Statutes of Texas,
in part, reads as follows:

"Disposition of fees. - Each officer named
in this chapter shall first out of the current
~es of his office pay or be paid the amount
lowed him under the provisions of Article
3, together with the salaries of his assist-
 and deputies, and authorized expenses un-

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

der Article 3899, and the amount necessary to
cover cost of premium on whatever surety bond
may be required by law. . . ."

Article 3899 (a), Revised Civil Statutes of Texas, in part, reads as follows:

"Expense accounts. - At the close of each
month of his tenure of office each officer
named herein who is compensated on a fee basis
shall make as part of the report now required
by law, an itemized and sworn statement of all
the actual and necessary expenses incurred by
him in the conduct of his office, such as sta-
tionery, stamps, telephone, premiums on offi-
cial bonds, including the cost of surety bonds
for his deputies, etc. . . ." (Underscoring ours)

Article 3899 (b), Revised Civil Statutes of Texas, in part, reads as follows:

"Each officer named in this Act, where he
receives a salary as compensation for his ser-
vices, shall be empowered and permitted to
purchase and have charged to his county all
reasonable expenses necessary in the proper
and legal conduct of his office, premiums on
official bonds, etc. . . ." (Underscoring ours)

It will be noted that Section b of Article 3899
of the Revised Civil Statutes of Texas, does not name
specifically the officers on a salary basis who would
be entitled to charge the county for the payment of the
premiums on their official bond. It will be further
noted that Section b of Article 3899 specifically limits
such right to "each officer named in this Act". Since
Section b fails to name such officers, we, therefore,
must look to Section a, wherein the following language
is used:

"At the close of each month of his tenure
of office, each officer named herein who is
compensated on a fee basis . . ."

It will be noted that such officers are not
specifically named in Section a of Article 3899, however,
we are of the opinion that the term "herein" is broader
than the term "in this Act" and that the term "herein"
means, or rather, refers to officers who are compensated
on a fee basis who are referred to in the same chapter,

to wit: the fee officers referred to in Articles 3883 and 3891 of the Revised Civil Statutes of Texas. Such officers are as follows: "County Judge, District or Criminal District Attorney, Sheriff, County Clerk, County Attorney, District Clerk, Tax Collector, Tax Assessor, Assessor and Collector of Taxes, Justice of the Peace, and Constable." These articles do not include the County Treasurer.

We are, therefore, of the opinion that Article 3899 (a), Revised Civil Statutes of Texas, applies to the officers above named, while they are on the fee system and that Article 3899 (b) applies to the officers above named while they are on the salary system.

It is the opinion of this department that neither of these sections of Article 3899 of the Revised Civil Statutes of Texas applies to the County Treasurer.

This department has repeatedly ruled that the Commissioners Court does not have the authority to pay premiums on the official surety bond of the County Treasurer. See opinions Nos. 0-204 and 0-902 of this department.

You are, therefore, respectfully advised that it is the opinion of this department that Galveston County, Texas, may not legally pay the premium on the official bond of its County Treasurer.

Trusting that this answers your inquiry and with best regards, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Wm. J. Fanning_
Wm. J. Fanning
Assistant

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN

WJF:OMB

APPROVED AUG 11, 1939
_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS